UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHRAF RASHID,<br><br>                              Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                              Defendant. | Case No.: 20cv573-L-DEB<br><br>**ORDER DENYING MOTION TO REMAND [ECF No. 8]** |

Pending before the Court in this lemon law action is Plaintiff's motion to remand. Defendant filed an opposition and Plaintiff replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Plaintiff's motion is denied.

Defendant removed this action from State court under 28 U.S.C. §§ 1332, 1443(1) and 1441. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*

/ / /

1  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Consistent with the limited

2  jurisdiction of federal courts, the removal statute is strictly construed against removal.

3  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The burden of establishing

4  removal jurisdiction is on the removing party.  *See Abrego Abrego v. The Dow Chem.*

5  *Co*., 443 F.3d 676, 682-85 (9th Cir. 2006).

6      "[A]ny civil action brought in a State court of which the district courts of the

7  United States have original jurisdiction, may be removed . . .."  28 U.S.C. § 1441(a).

8  Defendant bases removal on diversity under 28 U.S.C. §1332.  Under section 1332(a),

9  original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a

10  citizen of a different state from each of the defendants and the amount in controversy

11  exceeds $75,000.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  The burden of

12  establishing removal jurisdiction, including the amount in controversy, is on the

13  defendant. *Abrego Abrego*, 443 F.3d at 682-85.  In the notice of removal, Defendant

14  claims that the parties are diverse and the amount in controversy exceeds $75,000.  (Doc.

15  no. 1.)

16      Plaintiff alleges he "purchased/leased" a 2020 BMW from Defendant.  (Doc. no. 1-

17  3 ("Compl.") at 2.)  He alleges that the BMW did not conform to the warranty and

18  Defendant failed to adequately repair it after a reasonable number of opportunities.  (*Id.*

19  at 3.)  Defendant also allegedly failed to promptly replace the BMW or make restitution

20  as required by the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal.

21  Civ. Code § 1790 et seq.  (*Id.*)  Plaintiff filed a complaint alleging multiple violations of

22  the Song-Beverly Act, breach of express and implied warranties, as well as violation of

23  California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.  He claims

24  his damages exceed $25,000 and expressly seeks the entire purchase price of the BMW.

25  (*Id.*at 3-4)  He also seeks statutory penalties of two times his actual damages pursuant to

26

27

28  [1]    Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted.

2

1   Cal. Civ. Code § 1794(c) and (e), actual, consequential, and incidental damages,

2   restitution, injunctive relief, and attorneys' fees.  (*Id.* at 3-8.)

3         Plaintiff disputes that Defendant met its burden of showing diversity of the parties.

4   Plaintiff did not allege his state of residence or citizenship in the complaint.  (*See* doc. no.

5   8-1 ("Pl.'s Mot.") at 12 ("Nowhere within the four corners of the complaint does Plaintiff

6   allege he lives in California.").)  Defendant relies on Plaintiff's lease and credit

7   application to establish Plaintiff's citizenship.  Plaintiff represented that he had resided in

8   San Diego for more than a year and had been employed at Sharp-Rees Steely in San

9   Diego for the same length of time.  (Doc. no. 16-1 ("Dixon Decl.") Exs. 1, 2.)  Plaintiff

10  does not contend that these representations are untrue and does not deny he is a

11  California citizen.  He has not cited any evidence of his own and has not filed an

12  affidavit.  His opposition rests on a hearsay objection (Pl.'s Mot. at 12), and objection to

13  judicial notice of the statements in the lease and credit application (doc. no. 21-1).  The

14  objections are overruled.  Plaintiff relies upon and references the lease in the complaint.

15  *See United States v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011).  Further,

16  Plaintiff's representations constitute admissions of a party opponent.  *See* Fed. R. Evid.

17  801(d)(2).  Defendant has provided sufficient evidence of Plaintiff's California

18  citizenship.

19        Plaintiff alleges that Defendant is "a limited liability company organized and in

20  existence under the laws of the State of Delaware."  (Compl. at 1.)  Plaintiff does not

21  object to Defendant's evidence that the only member of the LLC is BMW (US) Holding

22  Corp., which is incorporated in Delaware with its principal place of business in New

23  Jersey.  (Dixon Decl. at 2-3.)  Accordingly, Defendant has established complete diversity

24  for purposes of 28 U.S.C. § 1332(a).  *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-

25  96 (1990); *Johnson v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir.

26  2006) (LLC citizenship); *see also* 28 U.S.C. § 1332(c)(1) (corporation citizenship).

27        Plaintiff disputes that the amount in controversy exceeds $75,000.  To determine if

28  the amount in controversy has been met on removal, "[t]he district court may consider

3

1   whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

2   controversy.  If not, the Court may consider facts in the removal petition, and may require

3   parties to submit summary-judgment-type evidence relevant to the amount in controversy

4   at the time of removal." *Abrego Abrego*, 443 F.3d at 690.  Where, as here, the complaint

5   does not specify the amount of damages sought, "the removing defendant must prove by

6   a preponderance of the evidence that the amount in controversy requirement has been

7   met." *Id.* at 683.  Defendant must show "that it is more likely than not that the amount in

8   controversy" satisfies the jurisdictional amount requirement.  *Sanchez v. Monumental*

9   *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lowdermilk v. U.S. Bank Nat'l Assoc.*,

10  479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego*, 443 F.3d at 690.  "The amount

11  in controversy is simply an estimate of the total amount in dispute, not a prospective

12  assessment of defendant's liability." *Lewis v. Verizon Comm'ctns, Inc.*, 627 F.3d 395,

13  400 (9th Cir. 2010).  In addition to damages, included in the amount in controversy are

14  civil penalties, *see Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240-41 (C.D. Cal.

15  2005); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002),

16  and attorney's fees and costs, *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56

17  (9th Cir. 1998).

18      In the complaint, Plaintiff expressly seeks the "entire purchase price" of the BMW

19  in addition to civil damages.  In his Initial Disclosures, Plaintiff calculated his damages

20  "from the purchase contract are as follows: $65,214.37 plus additional fees for the total

21  price of repurchase of the subject vehicle, and up to $130,428.74 in civil penalty

22  damages." (Dixon Decl. Ex. 4.)  Plaintiff admits he incurred $6,000 in attorney's fees

23  / / /

24

25

26

27

28

1    prior to removal.  (Doc. no. 8-2 (Lopez Decl.) at 2.)  Based on Plaintiff's representations,

2    Defendant has met its burden to establish that the amount in controversy exceeds

3    $75,000.

4        Plaintiff's motion to remand is denied.

5        **IT IS SO ORDERED.**

6

7    Dated:  September 22, 2020

8

9                      Hon. M. James Lorenz

                      United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28