UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHRAF RASHID,<br><br>                                Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                                Defendant. | Case No.:  20cv573-L-DEB<br><br>**ORDER:**<br><br>**GRANTING MOTION FOR RECONSIDERATION [ECF NO. 34], and**<br><br>**GRANTING MOTION TO COMPEL ARBITRATION AND STAY ACTION [ECF NO. 9.]** |

Pending before the Court in this lemon law action is Defendant's Motion for Reconsideration of Order Denying Motion to Compel Arbitration and Stay Action. ["Motion"[ECF No. 34.]) Plaintiff filed an opposition and Defendant replied.  The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1).  For the reasons stated below, Defendant's motion is granted.

On February 23, 2021, the Court issued an order denying Defendant's Motion to Compel Arbitration and Stay Discovery. ("Motion to Compel" [ECF No. 29.]  Defendant filed the current Motion on March 23, 2021, requesting the Court reconsider its prior Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendant contends

that the Court did not assess whether BMW NA could compel arbitration based on the first part of the arbitration clause which identifies who may compel arbitration under the Agreement, but instead focused its inquiry solely on the second portion of the arbitration clause. (Mot. at 2). Under the first part of the clause, Defendant contends that it may compel arbitration because BMW of Escondido assigned the Lease Agreement to BMW Financial Services NA, LLP, a wholly owned subsidiary of BMW NA, therefore, "BMW NA . . . falls within the class of persons (i.e., assigns) whom the Arbitration Provision was intended to benefit" (*Id.*) Defendant further argues that the Court failed to address a series of orders from the Southern District of California which found that BMW NA was entitled to compel arbitration because it was an affiliate of the respective assignees. (*Id.* at 2-3). Finally, Defendant argues that the recent California Court of Appeal case, *Felisilda v FCA US LLC*, 53Cal. App. 5th 486, 496-97 (2020), supports reconsideration of the prior Order because it found that claims related to the condition of the vehicle in question must be resolved by arbitration, rejecting the application of *Kramer v. Toyota Motor Corp,.* 705 F.3d 1122 (9th Cir. 2013) and its progeny (e.g. *Jurosky v BMW of N.Am*. 441 F.Supp.3d 963 (S.D. Cal. 2020). (*Id*. at 9-10).

  Plaintiff responds that reconsideration of the prior Order is unnecessary because the Court determined that Plaintiff's claims are not bound by the arbitration agreement in the Lease Agreement but instead they are based on the warranty agreement, which does not contain an arbitration clause. (Opposition at 2). In addition, Plaintiff argues that Defendant BMW NA is not an affiliate or intended beneficiary of the Lease Agreement, pointing to the fact that the Lease states only Plaintiff or the Dealer, BMW Escondido, may elect arbitration. (Id. at 2-3). Plaintiff contends that Defendant failed to fully brief the Court on recent persuasive opinions including *Kalasho v. BMW of N.Am*, *LLC*, 2021 WL 673535 (S.D.Cal. Feb. 22, 2021), *Safley v. BMW of N. Am., LLC*, 2021 2021 WL 409722 (S.D. Cal. Feb. 5, 2021), and *Guan v. BMW of N.Am., LLC*, 2021 WL 148202 (S.D. Cal. Jan. 15, 2021), which determined that BMW NA could not enforce arbitration provisions similar to the one here. (*Id*. at 6).

1    The Lease Agreement at issue was entered into by Plaintiff and BMW of
2 Escondido when Plaintiff leased a 2020 BMW M340I ("Vehicle") from the dealer.  The
3 Vehicle was manufactured and/or distributed by Defendant BMW of North America,
4 LLC ("BMW NA").  BMW of Escondido ("Dealer"), assigned the Lease Agreement to
5 Financial Services NA, LLC, ("BMW FS").  (Mot. Ex D ¶ 38).
6    The Lease Agreement included an arbitration provision ("Arbitration Provision")
7 which stated that:

> Either you or I may choose to have any dispute between us decided by arbitration and not in a court or by jury trial.
>
> "Claim" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a  Claim I assert against you, which arises out of or relates to my credit application, lease, purchase, or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease.)

(Lease Agreement, Mot. Ex D ¶ 38).

   Under the Federal Arbitration Act (FAA) arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 1 et seq.  There is a "liberal federal policy favoring arbitration" reflected by the FAA, along with the principle that arbitrability must be determined with reference to state contract law. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013).  "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Property Management, Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

   The Court finds that revision of its prior order is appropriate under FRCP 54(b). Fed.R.Civ. Pro. 54(b). The parties do not dispute that the Lease Agreement contains a

valid, written agreement to arbitrate, but disagree as to whether the agreement to arbitrate governs the dispute at issue. *See Ashbey*, 785 F.3d at 1323.

In its prior Order, the Court held that Defendant had not shown by a preponderance of the evidence that it was entitled to enforce the arbitration provision based on a theory of equitable estoppel or as a third-party beneficiary. Based on Defendant's argument, the Court focused its attention on the second part of the agreement which stated that the parties must arbitrate any dispute "between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you," finding this language did not indicate an intent to confer a benefit to BMW NA as a third party beneficiary, citing *Jurosky v. BMW of North America., LLC*, 441 F.Supp. 3d 963, 975 (S.D. Cal. 2020). (Order at 11 [ECF No. 29.])

The first portion of the provision defines claims as follows: "'Claim'" broadly means any claim, dispute or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, *affiliates*, successors or assigns." (Lease Agreement at 6 Ex. D [ECF No. 1-3.]) The Agreement defines "me" and "I" as the Plaintiff, and "you" as the Lessor, BMW of Escondido, or its assignee, BMW Financial Services. (*Id*. at 1).

BMW of North America, LLC, is the manager of BMW Financial Services, as shown on the Secretary of State website. *See* California Secretary of State, Business Search. https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=200012610018-28263226.  As a result of the relationship between BMW FS and BMW NA,  Defendant is an affiliate of BMW FS, and may seek to compel arbitration as expressly provided by the arbitration clause contained in the Lease. *See Saponjic v. BMW of North America*, 2020 WL 4015671S.D. Cal. July 16, 2020)(Defendant BMW North America could compel arbitration because it "is an affiliate of and managing entity of BMW FS, an assignee of the Lease" which reflects parties intent to benefit Defendant); *Collins v BMW of North America*, 2021 WL 242938 (S.D. Cal. Jan. 25, 2021)("BMW NA is an affiliate

of BMWFS and may compel arbitration as a third-party beneficiary of the arbitration clause.")

Plaintiff claims that the Court and Defendant did not address recent cases in which BMW North America was not permitted to enforce arbitration agreements in actions concerning the condition of leased or purchased BMW vehicles. However, none of the cases provide binding authority. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green*, 563 U.S. 692 n.7 (2011).

Furthermore, the cases are distinguishable and therefore not persuasive. In *Kalasho,* Judge Bencivengo found that the lease agreement, which was identical in most respects to the present Lease Agreement, included a clause that prohibited application of the California Arbitration Act ("CAA") to the arbitration proceedings, which rendered the agreement unlawful and unenforceable. *Kalasho*, 2021 WL 673535 *5. Here, there is no such clause prohibiting the application of the CAA, therefore *Kalasho* provides no support for Plaintiff's argument.  In *Safley*, the sale contract contained an arbitration provision similar to the one at issue here, except that it did not include the term "affiliates" to define the class of assigns for whom the arbitration provision was intended to benefit, therefore the court found that defendant BMW NA could not enforce the arbitration provision as a third-party beneficiary. *Safley*, 2021 WL 409722 *6. Similarly, in *Guan,* the arbitration clause limited the terms to disputes between plaintiff Guan and the dealer, or the dealer's "employees, successors or assigns" but not "affiliates," therefore, the court found that defendant BMW "failed to show it was entitled to enforce the Arbitration Provision against Guan." *Guan*, 2021 WL 148202 *2-3. Unlike the arbitration provisions in *Safley* and *Guan,* the Lease Agreement in this case specifically provides that the Arbitration Provision applies to "affiliates" such as Defendant BMW NA.

For the foregoing reasons, BMW's Motion for Reconsideration is **GRANTED.** Consequently**,** the Motion to Compel and Stay Case is also **GRANTED**. When, as here,

the entire action is subject to arbitration, "[n]withstanding the language of 9 U.S.C. sect. 3, a district court may either stay the action or dismiss it outright." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. Upon conclusion of the arbitration proceedings, the parties may file a petition as provided in the FAA. *See, e.g.,* 9 U.S.C. sect. 9 et seq..

**IT IS SO ORDERED.**

Dated:  June 15, 2021

_____
Hon. M. James Lorenz
United States District Judge